HOUSTON, Justice.
Walter Leroy Moody is charged with capital murder. His court-appointed counsel sought funds to pay expenses, e.g., to pay experts and to pay for paralegal services. The trial court issued ex parte orders directing the comptroller of the State of Alabama to immediately pay to Moody’s appointed counsel moneys for attorney fees, expenses, and fees for experts. The comptroller refused, maintaining that Ala.Code 1975, § 15-12-21, provides that such funds are to be paid only after the conclusion of the trial. The State petitioned for a writ of prohibition, requesting that the Court of Criminal Appeals quash all ex parte orders of the trial court directing the comptroller to immediately pay to Moody’s court-appointed counsel moneys for the payment of, among other things, attorney fees, expenses and fees for experts, compensation for paralegals and other assistants, and expenses for office space. In the petition for the writ of prohibition, the State contended that the trial court’s orders improperly directed the comptroller to engage in actions contravening the comptroller’s prescribed authority under § 15-12-21, because, the State argued, § 15-12-21 authorizes the comptroller to pay attorney fees and reimburse other expenses reasonably incurred by counsel for an indigent defendant only after the conclusion of the defendant’s trial or after some other judgment disposing of the case. The Court of Criminal Appeals, by an unpublished order, granted the writ of prohibition, stating as follows:
“It is ORDERED that the petition for writ of prohibition ... is hereby granted.
“The respondent circuit judge of Etowah County, specially appointed to the circuit court of Jefferson County, is hereby ordered to set aside his order of January 24, 1994, as well as any prior ex parte orders entered by the respondent, insofar as such orders direct the Comptroller for the State of Alabama to immediately pay to the defense counsel in the cause of State of Alabama v. Walter Leroy Moody, Jefferson County No. CC-92-726, monies designated for the payment of attorney’s fees; expenses and fees for experts; compensation for paralegals and other assistants designated by the court; and the expense of providing office space by defense counsel.”
Moody’s application for rehearing was overruled, without opinion. Thereafter, through his court-appointed counsel, Moody petitioned for a writ of certiorari, maintaining that “[t]he writ of prohibition, which ordered the trial court to set aside its ex parte orders directing the Comptroller for the State of Alabama to immediately provide funds for expenses and expert assistance vio *448 lates [Moody’s] Sixth and Fourteenth Amendment Rights under the United States Constitution.”[1] We granted the petition, to further consider Moody’s constitutional challenge.
However, before this Court granted the petition for certiorari review, the trial court allowed Moody’s court-appointed counsel to withdraw and allowed Moody to proceed pro se. No further claim has been made by Moody’s former court-appointed counsel; therefore, the issue whether Moody’s court-appointed counsel is entitled to interim payments for attorney fees, expenses, and fees for experts is moot.
Notwithstanding, we note that in the State’s supplemental brief in opposition to the petition for the writ of certiorari and in the reply brief to the State’s supplemental brief in opposition to the petition for the writ of certiorari that Moody filed pro se, it was brought to the Court’s attention that the former attorney general for the State of Alabama and Moody’s court-appointed counsel had jointly stipulated to the “Attorney General’s voluntary action in furnishing to the court $35,000.00 in funds to supplement the attorneys fees payable under Code of Alabama 1975, § 15-12-21(d)_”[2] The trial court ordered the former attorney general to deposit the $35,000 with the clerk’s office and ordered that “the approval of the payment of these funds to Moody’s court-appointed counsel was vested solely within the trial court.” Through numerous periodic payments, all funds were withdrawn from that account before Moody’s court-appointed counsel withdrew.
As for Moody’s argument that the failure to provide interim payment of expenses for experts violates his constitutional rights, we find that argument to be premature. Moody is entitled to expert assistance only if he makes a threshold showing, approved in advance by the trial court, that expert assistance is necessary and critical for trial in accordance with Dubose v. State [Ms. 1930827, March 24, 1995] — So.2d - (Ala.1995), and only if he presents evidence, e.g., by affidavit, that the expert will not testify without being partially or completely compensated before he or she testifies or before the conclusion of the trial.
WRIT QUASHED.
HORNSBY, C.J., and MADDOX, ALMON, INGRAM, COOK and BUTTS, JJ., concur.

. Rule 21(e)(3), Ala.R.App.P., provides:
“Without regard to whether the court of appeals has issued an order, rehearing [on the court of appeals’ granting or denying a writ of prohibition] may be sought in the court of appeals, but if a rehearing is sought, then review in the supreme court shall be by petition for writ of certiorari pursuant to Rule 39....”

. The “joint stipulation” reads as follows:
"The parties jointly stipulate and agree as follows:
"The Attorney General’s voluntary action in furnishing to the court $35,000.00 in funds to supplement the attorneys fees payable under Code of Alabama 1975, § 15 — 12—21(d), is a one-time action, and there will be no others like it. This action in no way obligates the Attorney General to pay any amount of funds for any reason in this case or any other case. Likewise, the State is not in any way obligated to pay any funds for any purpose in this case or any other case, except to the extent specifically prescribed in §§ 15-12-21 through 15-12-23.
“The parties jointly agree to and bind themselves to the terms of the order which they are jointly submitting to the court to effectuate this stipulation.
"Done this the 15 day of May, 1992.
"FOR THE STATE:
"JAMES H. EVANS "ATTORNEY GENERAL
“FOR THE DEFENSE
"L. DAN TURBERVILLE
"RICHARD JAFFE'