
**Filed**
Supreme Court of Guam, Clerk of Court

# IN THE SUPREME COURT OF GUAM

## PEOPLE OF GUAM,
Plaintiff-Appellee,

**v.**

## ERIC JUAN PALACIOS QUITUGUA,
Defendant-Appellant.

Supreme Court Case No.: CRA20-009
Superior Court Case No.: CF0426-18

## OPINION

## Cite as: 2021 Guam 20

Appeal from the Superior Court of Guam
Argued and submitted on April 9, 2021
Via Zoom video conference

Appearing for Defendant-Appellant:
Heather M. Zona, *Esq.*
Assistant Alternative Public Defender
MVP Commercial Bldg.
777 Rte. 4, Ste. 109A
Sinajana, GU 96910

Appearing for Plaintiff-Appellee:
Jeremiah B. Luther, *Esq.*
Assistant Attorney General
Office of the Attorney General
Prosecution Division
590 S. Marine Corps Dr., Ste. 801
Tamuning, GU 96913


**E-Received**
12/10/2021 4:08:08 PM

BEFORE: F. PHILIP CARBULLIDO, Chief Justice; ROBERT J. TORRES, Associate Justice; and KATHERINE A. MARAMAN, Associate Justice.

**TORRES, J.:**

**[1]**      Defendant-Appellant Eric Juan Palacios Quitugua, an indigent defendant, requested an *ex parte* hearing for expert funding and declined to serve notice upon opposing counsel.  The trial court denied Quitugua's motion on procedural grounds, finding Quitugua lacked a compelling reason to hold the hearing *ex parte* or to forgo the hearing's notice requirement.  Quitugua interlocutorily appeals the trial court's order denying his request for an *ex parte* hearing.

**[2]**      We vacate the trial court's order.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

**[3]**      Quitugua is an indigent defendant represented by court appointed counsel.  In the proceedings before the Superior Court, Quitugua filed an *ex parte* motion, under seal, requesting funding for an expert.  The motion included a "Statement Re Service" explaining that defense counsel chose not to serve notice on Plaintiff-Appellee People of Guam ("the People").  The statement asked the court, per Local Rules of the Superior Court of Guam Civil Rule ("CVR") 7.1.1, to permit Quitugua to forgo notice as doing so may broadcast defense strategies to the prosecution, infringe on Quitugua's constitutional rights, undermine his attorney-client relationship, and jeopardize his right to effective assistance of counsel.

**[4]**      The trial court denied the motion, finding no compelling reason to grant the *ex parte* request or forgo the notice requirements of CVR 7.1.1.  Quitugua filed with this court a verified petition for permission to appeal the trial court's denial of his *ex parte* motion.  We granted Quitugua permission to appeal.

## II. JURISDICTION

**[5]**      This court has jurisdiction to hear an interlocutory appeal absent a final appealable order if the appeal meets the requirements of 7 GCA § 3108(b). *People v. Blas*, 2016 Guam 19 ¶ 8; 48 U.S.C.A. § 1424-1(a)(2) (Westlaw through Pub. L. 117-57 (2021)); 7 GCA § 3108(b) (2005); *see also* Guam R. App. P. 4.2. "The limitations on interlocutory appeals ensure that such appeals are granted only when 'the necessity of immediate review outweighs [the] general policy against piecemeal disposal of litigation.'" *Sky Enter. v. Kobayashi*, 2002 Guam 24 ¶ 21 (alteration in original) (quoting *Fedders v. Am. Fam. Mut. Ins. Co.*, 601 N.W.2d 861, 864 (Wis. Ct. App. 1999) (per curiam)). Under 7 GCA § 3108(b), we may exercise our discretion to allow an appeal of an interlocutory order when "resolution of the questions of law on which the order is based will: (1) [m]aterially advance the termination of the litigation or clarify further proceedings therein; (2) [p]rotect a party from substantial and irreparable injury; or (3) [c]larify issues of general importance in the administration of justice." 7 GCA § 3108(b).

**[6]**      We find that determining the issues before us will clarify further proceedings in the trial court. *See id.* § 3108(b)(1). Whether the hearing for funding of an expert witness is held *ex parte* may materially affect the proceedings because Quitugua's willingness to disclose information at the hearing may affect whether the trial court permits the funding request and whether the People learn about Quitugua's defense theories.

**[7]**      This interlocutory appeal may also protect Quitugua from substantial and irreparable injury. *See id.* § 3108(b)(2); *see also, e.g.*, *State v. Touchet*, 93-2839, pp. 8-10 (La. 9/6/94); 642 So. 2d 1213, 1214, 1218; *State v. Ballard*, 428 S.E.2d 178, 180-83 (N.C. 1993); *Williams v. State*, 958 S.W.2d 186, 195 (Tex. Crim. App. 1997) (en banc). We will prevent the potential for this harm by resolving the issues before trial. Resolving these issues on interlocutory appeal will

clarify issues of general importance in the administration of justice. *See* 7 GCA § 3108(b)(3). The court has invoked jurisdiction under this provision to address conflicting Superior Court decisions. *See People v. Pak*, 1998 Guam 27 ¶ 7. The issues here have been resolved inconsistently across jurisdictions and may be dealt with inconsistently even in our own courts.

**[8]** Therefore, we exercise our discretion to grant interlocutory appellate review under 7 GCA § 3108(b).

### III. STANDARD OF REVIEW

**[9]** We review questions of law *de novo*. *See People v. Bryan*, 2019 Guam 8 ¶ 9. We also review claims of constitutional violations *de novo*. *See, e.g.*, *People v. Guerrero*, 2017 Guam 4 ¶ 16; *People v. Mendiola*, 2015 Guam 26 ¶ 11; *People v. Diego*, 2013 Guam 15 ¶ 8.

### IV. ANALYSIS

**A. The Trial Court Erred When It Denied Quitugua's Request for an *Ex Parte* Hearing**

**[10]** The United States Supreme Court has long recognized an indigent criminal defendant's constitutional right to a fair and meaningful opportunity to present a complete defense, per the guarantees of due process. *See People v. Callahan*, 2018 Guam 17 ¶ 35 (quoting *Ake v. Oklahoma*, 470 U.S. 68, 76 (1985); *Crane v. Kentucky*, 476 U.S. 683, 690 (1986)). The court must ensure a criminal defendant, regardless of poverty, has access to the "raw materials integral to the building of an effective defense." *Ake*, 470 U.S. at 77; *see also Griffin v. Illinois*, 351 U.S. 12, 19 (1956) ("There can be no equal justice where the kind of trial a man gets depends on the amount of money he has.").

**[11]** The court may afford an indigent defendant, upon the proper showing of need, funding for expert assistance. *Cf. Ake*, 470 U.S. at 76-83 (holding that when defendant demonstrates his sanity to be significant factor at trial, State must, at minimum, assure defendant access to competent

psychiatrist; but leaving to State the decision on how to implement this right). Local Rules of the Superior Court of Guam Miscellaneous Rule ("MR") 1.1.4 provides that the trial court may authorize court-appointed counsel to retain the services of an expert "upon a showing that such services are necessary for adequate representation." MR 1.1.4(a). The rule requires court-appointed counsel to first obtain court approval before retaining these services.

[12]    Quitugua argues he is entitled to an *ex parte* hearing for his expert funding request because seeking expert assistance and explaining to the court the need for expert consultation are protected from the People by the work product doctrine. *See* Appellant's Br. at 10-11 (Dec. 7, 2020). Quitugua reasons that seeking an expert, and any details about the nature and need for the expert, are protected because these details would reveal potential defense strategy. *See id.* We agree. While there is no explicit statutory requirement to provide *ex parte* hearings, we find that, in the interest of due process and fairness, our trial courts must grant an indigent defendant's request to hold a hearing for expert funding *ex parte*, and the substantive reasons for this request should be made under seal.

[13]    *Ex parte* hearings protect indigent defendants' privilege against self-incrimination, prevent the premature disclosure of a defense strategy, and preserve the right to effective assistance of counsel. *See Finch v. State*, 715 So. 2d 906, 909 (Ala. Crim. App. 1997); *State v. Bates*, 428 S.E.2d 693, 695 (N.C. 1993); *see also People v. Worthy*, 167 Cal. Rptr. 402, 407 n.2, 409 n.3 (Ct. App. 1980); *Arnold v. Higa*, 600 P.2d 1383, 1385 (Haw. 1979); *State v. Barnett*, 909 S.W.2d 423, 428-29 (Tenn. 1995).

[14]    Seeking expert assistance may require the defendant to reveal a high degree of detail about their rationale, such as the strengths and weaknesses of their case, trial strategy, potential defenses, witnesses, and evidence that may be used against the defendant at trial. *See United States v.*

*Gonzales*, 150 F.3d 1246, 1259 (10th Cir. 1998); *Mason v. Arizona*, 504 F.2d 1345, 1352 n.7 (9th Cir. 1974) (noting that in a public, adversarial "hearing of any such court application for funds[,] the prosecutor is present and thereby gains firsthand knowledge of defense strategy, and moreover is given the opportunity to oppose the motion"). A public hearing or unsealed filing may force a defendant to choose between presenting their most compelling evidence for seeking expert assistance and protecting trial strategy, whereas an *ex parte* hearing and filings under seal provide the indigent defendant the privacy to be forthcoming with their rationale. *Barnett*, 909 S.W.2d at 428-29. If, for example, a defendant seeks the expert opinion of a psychiatrist because the defendant is contemplating an insanity or diminished capacity defense, the defendant would be forced to prematurely reveal this strategy at a public, adversarial hearing. *See id.* An *ex parte* hearing creates no such risk to the defendant's strategy.

[15] The privilege against self-incrimination applies to all stages of the criminal proceeding, including at a hearing for funding of an expert. *See Ex parte Moody*, 684 So. 2d 114, 120 (Ala. 1996) (per curiam). By requiring a defendant to disclose evidence that may lead to a criminal conviction, link the chain of evidence, or be reasonably used against the defendant, the trial court may infringe on the defendant's privilege against self-incrimination. *See id.* (quoting *Maness v. Meyers*, 419 U.S. 449, 461 (1975)); *Barnett*, 909 S.W.2d at 428-29; *Ballard*, 428 S.E.2d at 181-82.

[16] Disclosure of trial strategy may impede upon the defendant's right to effective assistance of counsel. *See, e.g.*, *Ex parte Moody*, 684 So. 2d at 120. Effective assistance of counsel includes the right to access expert witnesses. *See Mason*, 504 F.2d at 1351; *United States v. Wright*, 489 F.2d 1181, 1188 n.6 (D.C. Cir. 1973); *Ballard*, 428 S.E.2d at 180-83. A public hearing or unsealed filings may impede upon counsel's ability to reveal to the court the rationale for seeking expert

assistance, and thus impair counsel's ability to access expert witnesses. Public hearings and unsealed filings may also disclose work product, such as revealing the name of an expert, the reasons for requesting the expert, or the thought processes and legal analysis of the attorney. *See Andrews v. State*, 243 So. 3d 899, 901-02 (Fla. 2018).

[17]    *Ex parte* hearings aid the prevention of unequal treatment of indigent and non-indigent defendants. *See Ex parte Lexington Cnty.*, 442 S.E.2d 589, 594 (S.C. 1994); *see also McGregor v. State*, 733 P.2d 416, 416-17 (Okla. Crim. App. 1987) ("[T]o allow participation, or even presence, by the State would thwart the Supreme Court's attempt to place indigent defendants, as nearly as possible, on a level of equality with nonindigent defendants."). A public hearing on an indigent defendant's request for expert funding may cause an inherently discriminatory practice, as a non-indigent defendant need not present their request to hire an expert to the public or opposing counsel. *See Ex parte Moody*, 684 So. 2d at 120 ("An indigent defendant should not have to disclose to the state information that a financially secure defendant would not have to disclose."); *People v. Loyer*, 425 N.W.2d 714, 722 (Mich. Ct. App. 1988); *Ex parte Lexington Cnty.*, 442 S.E.2d at 594; *Barnett*, 909 S.W.2d at 428-29; *see also United States v. Meriwether*, 486 F.2d 498, 506 (5th Cir. 1973).

[18]    The record on appeal does not disclose the nature of the expert sought. The trial court denied Quitugua's request for an *ex parte* hearing, citing 7 GCA § 7105. RA, tab 54 at 1 (Order Den. Def.'s *Ex Parte* Mot. Funding Defense Expert, July 13, 2020). Section 7105 requires that all court sessions and court records be open to the public unless otherwise provided by law or restricted by a special order of the court. 7 GCA § 7105 (2005). The trial court found that "[t]he exclusive purpose of shielding defense strategies from the People . . . is an insufficient reason to deny public knowledge of Defendant's request." RA, tab 54 at 1 (Order Den. Def.'s *Ex Parte* Mot.

Funding Defense Expert). The court further determined that Quitugua's counsel did not provide a compelling reason why the *ex parte* motion should be heard without notice to the People per CVR 7.1.1. *Id.* at 1-2.

[19]    Due process, fairness, shielding defense strategies, protection of work product, preservation of the privilege against self-incrimination, and the right to effective assistance of counsel are sufficiently compelling reasons to deny public knowledge of the details of an indigent defendant's request for an *ex parte* hearing on expert funding. Indigent defendants are entitled to an *ex parte* hearing and filings under seal for expert funding requests. The trial court erred when it did not grant Quitugua's request to hear his motion *ex parte*.

## B. Mere Notice to the People of an Indigent Defendant's *Ex Parte* Application for Expert Funding Does Not Usually Infringe on the Work Product Doctrine

[20]    Quitugua argues that mere notice to the People of his motion to seek an *ex parte* order would infringe on the protection afforded by the work product doctrine. *See* Appellant's Br. at 13. The People respond that simply informing the government of the defendant's intent to seek expert funding is unprotected by the work product doctrine. Appellee's Br. at 4 (Jan. 22, 2021). The People agree with Quitugua's contention that one's reasoning and motivation behind seeking an expert may be protected by the work product doctrine; however, they do not agree the work product doctrine includes mere notice of the intent to seek expert funding. *Id.* at 7.

[21]    "The work product doctrine . . . protects 'certain materials prepared by an attorney acting for his client in anticipation of litigation.'" *Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010) (quoting *United States v. Nobles*, 422 U.S. 225, 237-38 (1975)). "The party claiming work-product protection bears the burden of establishing that the work-product doctrine applies." *Hoffman v. Berg*, Civil Case No. 05-00030, 2006 WL 8445868, at *4 (D. Guam Mar. 16, 2006); *see also Hernandez*, 604 F.3d at 1102. The work product doctrine prevents parties from exploiting

another party's efforts to prepare for litigation. *United States v. City of Torrance*, 163 F.R.D. 590, 593 (C.D. Cal. 1995). The doctrine protects "[t]he private mental impressions and legal theories of counsel," allowing counsel to develop strategies dispassionately, creatively, and uninhibitedly. *Id.* (quoting *Intermedics, Inc. v. Ventritex, Inc.*, 139 F.R.D. 384, 391-92 (N.D. Cal. 1991)).

[22]    The trial court denied Quitugua's *ex parte* motion, finding he had neither notified the People of the motion nor stated a compelling reason for the court to waive the notice requirement. RA, tab 54 at 1-2 (Order Den. Def.'s *Ex Parte* Mot. Funding Defense Expert).

[23]    Civil Rule 7.1.1 requires counsel to make a good faith effort to advise all parties of the "date, time, and substance of the proposed ex parte application or the reasons supporting the claim that notice should not be required." CVR 7.1.1(a)(1). Notice may be waived if the trial court "finds that the interests of justice require that the ex parte application be heard without notice." CVR 7.1.1(b).

[24]    Serving notice of an *ex parte* hearing that expert funding is requested does not itself infringe on the work product of an attorney, as the notice and substance requirement of CVR 7.1.1 does not require disclosure by defense counsel of detailed reasons for retention of the expert or disclosure of legal strategies. Notice does not even require disclosure of the type of expert. Defense counsel need only provide a general notice about the request and the date and time of the *ex parte* hearing.

[25]    Such a perfunctory notice balances the interests of the People and the interests of the defendant. *See Brooks v. State*, 385 S.E.2d 81, 84 (Ga. 1989) (citing *Mathews v. Eldridge*, 424 U.S. 319 (1976)). The People may, for example, provide a brief in response to the motion, which the judge may then consider even in the People's absence from the *ex parte* hearing. *See id.*; *cf. Andrews*, 243 So. 3d at 901-02. This also prepares the People for the hearing if, *in camera*, the

court determines an *ex parte* hearing is unwarranted. *See Touchet*, 93-2839, pp. 9-10; 642 So. 2d at 1219. The People are then prepared to join the proceedings. *See id.*

[26] If a defendant believes that, in the interests of justice, the court should hear the *ex parte* application without even notice to the People that funding for an expert is being sought, the defendant must provide "the reasons supporting the claim that notice should not be required." *See* CVR 7.1.1(a)(1). The trial court may waive notice if it "finds that the interests of justice require that the ex parte application be heard without notice." CVR 7.1.1(b). The indigent defendant bears the burden of providing reasons notice should not be required.

[27] Mere knowledge of an *ex parte* request for expert funding does not inherently create a risk of revealing work product or defense strategies. If the defendant provides reasons supporting the claim that notice of the request and of the date and time of the *ex parte* hearing should not be required, the trial court may waive the notice requirement in the interests of justice. CVR 7.1.1(a)(1), (b).

[28] We vacate the trial court's order denying Quitugua's motion. The trial court shall hear, *ex parte* and under seal, Quitugua's motion requesting expert funding. Quitugua's counsel shall file a declaration under CVR 7.1.1(a) showing a good faith effort to advise the People of the request and of the date and time of the *ex parte* hearing. If Quitugua believes such notice should not be required, he must provide the reasons supporting this claim, under CVR 7.1.1(a)(1). The trial court may waive notice if the interests of justice require that the *ex parte* application be heard without notice. CVR 7.1.1(b). Any details about the nature and need for the expert are not required to be disclosed to the People by Quitugua and may be filed under seal.

//

//

## V.  CONCLUSION

**[29]**     We **VACATE** the trial court's order and remand for proceedings not inconsistent with this opinion.


| /s/ | /s/ |
|:---:|:---:|
| ROBERT J. TORRES | KATHERINE A. MARAMAN |
| Associate Justice | Associate Justice |


/s/
F. PHILIP CARBULLIDO
Chief Justice