**Billy Keith McGREGOR, Petitioner,**

v.

**The STATE of Oklahoma, the District Court of Hughes County, and the Honorable Gordon Melson, Respondents.**

**No. P–87–90.**

Court of Criminal Appeals of Oklahoma.

Feb. 10, 1987.

### ORDER GRANTING WRIT OF MANDAMUS

On September 24, 1986, this Court remanded 728 P.2d 846 (Case No. CRF–83–58 below) to the District Court of Hughes County for an evidentiary hearing to determine whether the petitioner was entitled to a court-appointed psychiatrist under the holding of *Ake v. Oklahoma,* 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985). On remand, the petitioner filed a motion requesting the district court to hold the hearing ex parte. The motion was denied, and the petitioner now petitions this Court for a writ prohibiting inclusion of the district attorney at the hearing and ordering the district court to conduct the evidentiary hearing ex parte.

The intention of the majority of the *Ake* Court that such hearings be held ex parte is manifest from the following passage:

The risk of error from denial of such assistance, as well as its probable value, are most predictably at their height when the defendant's mental condition is seriously in question. When the defendant is able to make an *ex parte* threshold showing to the trial court that his sanity is likely to be a significant factor in his defense, the need for assistance of a psychiatrist is readily apparent.... In such a circumstance, where the potential accuracy of the jury's determination is so dramatically enhanced, and where the interests of the individual and the State in an accurate proceeding are substantial, the State's interest in its fisc must yield.

*Id.* at 1097.

NOW, THEREFORE, being fully advised in the premises, we are compelled to agree with the petitioner's assertion that there is no need for an adversarial proceeding, that to allow participation, or even presence, by the State would thwart the Supreme Court's attempt to place indigent defendants, as nearly as possible, on a level of equality with nonindigent defendants.

IT IS THEREFORE THE ORDER OF THIS COURT that the evidentiary hearing ordered by this Court be conducted ex

parte; and that petitioner be required to show by competent evidence that he falls within the provisions of *Ake.* The Honorable Respondent is further ordered to make findings of fact and conclusions of law all of which shall be contained in a transcript to be transmitted to this Court for review.