800 P.2d 252 (1990)
John Paul WASHINGTON, Appellant,
v.
STATE of Oklahoma, Appellee.
No. F-84-727.
Court of Criminal Appeals of Oklahoma.
October 29, 1990.

ORDER REMANDING FOR AN EVIDENTIARY HEARING
The appellant, John Paul Washington, was found guilty of First Degree Murder (Count I), in violation of 21 O.S. 1981, § 701.7, and First Degree Rape (Count II), in violation of 21 O.S. 1981, §§ 1111 and 1114; in Case No. CRF-84-795 in the District Court of Oklahoma County. He was sentenced to death on Count I and five hundred (500) years imprisonment on Count II.
Prior to trial, defense counsel requested that the trial court appoint several experts *253 to aid him in presenting his defense. He sought a psychiatrist to evaluate the possibility that appellant did not know right from wrong at the time that the acts were committed and also to show mental or emotional disturbance as a mitigating circumstance. Defense counsel stated that his request for a psychiatrist was based upon his understanding of appellant, the crime at issue, his conversations with appellant, his discussions with appellant's family members, his understanding of appellant's change in attitude prior to his arrest, what he had been told about appellant by police officers and testimony from preliminary hearing. He also requested that the court provide him with a forensic odontologist and a chemist to counter the State's experts in these areas.[1]
At the motion hearing on May 25, 1984, the district judge granted appellant's request for these experts. However, four days later, having determined that he did not have a duty to appoint the requested experts because such was not constitutionally required, the judge denied appellant's motion. Since the time of this hearing, the United States Supreme Court has declared otherwise. In Ake v. Oklahoma, 470 U.S. 68, 74, 105 S.Ct. 1087, 1091-92, 84 L.Ed.2d 53 (1985), the Court held that "[w]hen a defendant has made a preliminary showing that his sanity at the time of the offense is likely to be a significant factor at trial, the [Federal] Constitution requires that a State provide access to a psychiatrist's assistance on this issue if the defendant cannot otherwise afford one." This ruling clearly places the burden of proving need for a psychiatrist upon the defendant. However, as appellant aptly points out, defense counsel did not have the benefit of Ake's holding at the time that the motion was argued. Therefore, because defense counsel did not know of his burden to prove need for a psychiatrist at the time that he argued the motion, this Court cannot apply the Ake standard in determining whether, on the record, the defense counsel made an adequate showing of need. See McGregor v. State, 728 P.2d 846 (Okl.Cr. 1986).
The record shows that defense counsel did not articulate with specificity why he suspected that appellant's sanity was likely to be a significant factor in his defense. However, he did raise enough doubt about appellant's mental state to warrant an evidentiary hearing allowing him the opportunity to present what he could have shown the district court had he known the requirements of Ake v. Oklahoma. Therefore, we hereby grant the request for an evidentiary hearing to determine whether appellant could have met his burden of proof under Ake in order to have required the State to provide him with access to a psychiatrist. Further, as this Court found in McGregor v. State, 733 P.2d 416 (Okl.Cr. 1987), in accordance with the intention of the majority of the Ake v. Oklahoma Court, the evidentiary hearing should be held ex parte.
As to the portion of appellant's request for an evidentiary hearing dealing with the appointment of a forensic odontologist and a chemist, we note that the Supreme Court's decision in Ake v. Oklahoma dealt specifically with psychiatric experts. However, the Supreme Court did not preclude the possibility that the principles of Ake should be extended to any expert which is "necessary for an adequate defense." See Ake v. State, 778 P.2d 460, 464 n. 1 (Okl.Cr. 1989). To date, this Court has declined to extend Ake v. Oklahoma to include expert assistance other than a psychiatrist. However, in the past, we have based this decision upon a finding that the defendant had not been denied the "basic tools" of his defense by the trial court's decision not to provide him with the requested expert. See Woodard v. State, 743 P.2d 662, 664 (Okl.Cr. 1987); Moore v. State, 736 P.2d 161, 164 (Okl.Cr. 1987); Plunkett v. State, 719 P.2d 834, 839 (Okl. Cr. 1986).
As we have already determined, in the present case defense counsel did not have the benefit of the standards set forth in Ake v. Oklahoma when he argued the motion for expert witnesses. Thus, it is not dispositive that he did not make the requisite showing of need for the experts at that *254 time. Therefore, we find that at the evidentiary hearing the appellant shall be afforded the opportunity to present what he could have shown the district court with regard to whether the forensic odontologist and the chemist were required as "basic tools" of his defense.
THEREFORE IT IS THE ORDER OF THIS COURT that the District Court of Oklahoma County shall conduct an evidentiary hearing to determine whether the appellant could have, at the motion hearing, made the necessary showing of need for the experts he requested as is required by Ake v. Oklahoma. This evidentiary hearing shall be had within sixty (60) days from the date of this order. At the conclusion of the hearing, the judge shall make findings of fact and conclusions of law. A record shall be made of the same and a copy shall be forwarded to this court within forty-five (45) days of the hearing.
IT IS SO ORDERED.
 /s/ Ed Parks
 ED PARKS,
 Presiding Judge
 /s/ James F. Lane
 JAMES F. LANE,
 Vice Presiding Judge
 /s/ Tom Brett
 TOM BRETT,
 Judge
 /s/ Gary L. Lumpkin
 GARY L. LUMPKIN,
 Judge, concur in
 part/dissent in part
 /s/ Charles A. Johnson
 CHARLES A JOHNSON,
 Judge
LUMPKIN, Judge, concurring in part/dissenting in part:
I concur in the Court's decision that this case must be remanded for an evidentiary hearing to provide a record which will allow the Court to address the merits of the issues raised. However, I must dissent to the Court's determination that the evidentiary hearing should be held ex parte, citing Ake v. Oklahoma, 470 U.S. 68, 74, 105 S.Ct. 1087, 1091-92, 84 L.Ed.2d 53 (1985), and McGregor v. State, 728 P.2d 846 (Okl. Cr. 1986), as authority.
The Court in McGregor relied on an inference in Ake that an ex parte hearing is required when, in fact, the Ake decision did not set down a requirement for an ex parte hearing. The Court in Ake held that when a defendant demonstrates that his sanity at the time of the offense is to be a significant factor at trial, the State must assure him access to a competent psychiatrist, but the Court did not mandate a procedure to determine that fact. In fact, the court in Ake specifically left the decision as to how to implement this right to the State. 470 U.S. at 83, 105 S.Ct. at 1096. The Oklahoma Legislature, in response to Ake, enacted 22 O.S.Supp. 1985, § 464.B and § 1176, to provide access to necessary expert witnesses. Neither of these statutory provisions require or imply an ex parte hearing. Absent a determination of the unconstitutionality of a statutory provision, we are bound to apply it. When reviewed in light of the overriding preference against ex parte hearings in our jurisprudence, these statutes cannot be interpreted to require, or even allow, ex parte hearings. I would therefore urge this Court to overrule McGregor, in that the decision does not provide an interpretation of our current statutes, and apply the statutory provisions of 22 O.S.Supp. 1985, § 464.B and § 1176.
NOTES
[1] Although the defense attorney initially requested the appointment of an expert on the death penalty or a sociologist, this request was dropped at the motion hearing.