573 So.2d 34 (1990)
Rayna MYRON, a Minor, by and through Her Parents and Natural Guardians, Sharon Brock and Herbert B. Myron, and Sharon Brock and Herbert B. Myron, Individually, Petitioners,
v.
DOCTORS GENERAL, LTD., Etc., et al., Respondents.
No. 90-2670.
District Court of Appeal of Florida, Fourth District.
December 19, 1990.
Rehearing Denied February 13, 1991.
Gary M. Cohen of Sheldon J. Schlesinger, P.A., Fort Lauderdale, for petitioners.
Melanie G. May of Bunnell and Woulfe, P.A., Fort Lauderdale, for respondent-Donald Giulianti, M.D.
DOWNEY, Judge.
We have for review by petition for writ of certiorari an order of the trial court directing petitioners to disclose the names and opinions of non-witness, work product experts under penalty of having their pleadings stricken for failure to comply.
One of the defendants in this medical malpractice suit, Dr. Donald Giulianti, propounded "contention interrogatories" to the petitioners on March 27, 1990. Interrogatory No. 2 stated:
[S]eparately and in detail each specific act or omission which you allege constitutes negligence by this defendant, giving for each the date and time of each act or omission and what you contend should or should not have been done according to the standard of care you contend was breached.
Dr. Giulianti also requested that the plaintiffs "state the name and address of `every person' who has knowledge of the matters contended in your answer to No. 2 above."
*35 On April 26, 1990, petitioners filed objections to the above-described interrogatories. When these objections were overruled and petitioners did not answer interrogatories 2 and 3, respondents filed a motion for sanctions. On July 3, 1990, petitioners filed a certificate of compliance regarding the subject interrogatories. They also filed a response to the interrogatories which indicated that the petitioners did not personally know the names of any of the experts involved.
A hearing was held on the respondents' motion for sanctions on September 25, 1990, which resulted in the order which is the subject of this petition for writ of certiorari. That order granted the motion for sanctions and directed the following:
[P]laintiff shall provide answers as to the date and time of each act or omission which she contends violates the standard of care, after considering all opinions of those who have been consulted in that regard. She shall disclose the names of those with knowledge and shall state with particularity any persons whose opinions she considers privileged.
We grant the writ of certiorari and quash so much of the order under review as requires answers which divulge the identity and/or opinion of any specially retained non-witness, work product experts. Respondents are not entitled to discovery of such information absent a showing of exceptional circumstances under which it is impracticable for the respondents to obtain facts or opinions on the same subject by other means. Fla.R.Civ.P. 1.280(b)(4)(B) (1989). See also: Ager v. Jane C. Stormont Hospital & Training School for Nurses, 622 F.2d 496 (10th Cir.1980); Gilmor Trading Corp. v. Lind Electric, Inc., 555 So.2d 1258 (Fla. 3d DCA 1989); Ruiz v. Brea, 489 So.2d 1136 (Fla. 3d DCA 1986) (opinion on rehearing).
CERTIORARI GRANTED.
HERSEY, C.J., and LETTS, J., concur.