## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Roosevelt Russell, III

April 26, 1994

Case No. (Criminal) 83872

BY JUDGE RICHARD J. JAMBORSKY

This matter comes before the Court on Defendant Russell's *Motion for Leave to Proceed Ex Parte, In Camera, and on a Sealed Record with Regard to Applications for Defense Services* (hereinafter *Motion*). After careful review of the arguments presented by the Defendant and the Commonwealth, the Court denies the Defendant's motion.

Defendant prays this Court for leave to file motions, *by ex parte proceeding*, for state-provided funds to obtain expert assistance in preparing and conducting his defense against the charges with which he has been indicted: rape, abduction with intent to defile, sexual penetration with an object and aggravated maiming. As authority for this relief, Defendant asserts that the Supreme Court has "held that the state must provide funding for expert assistance where an indigent defendant 'is able to make an *ex parte* threshold showing to the trial court' that such services would relate to a significant factor in his defense. *Ake v. Oklahoma*, 470 U.S. 68, 82 (1985)." *Motion* at 2. In opposition, the Commonwealth's Attorney argues that there is no constitutional right to such a hearing on an *ex parte* basis.

Courts have consistently interpreted *Ake v. Oklahoma* as a mandate that the constitutional protections and guarantees of due process and equal protection authorize and warrant the provision of a wide array of expert assistance by the state to an indigent criminal defendant upon a showing that such assistance is necessary to his defense. *Ake*, 470 U.S. 68 (1985); *see e.g.*, *Caldwell v. Mississippi*, 472 U.S. 320 (1985); *Little*

*v. Armontrout*, 835 F.2d 1240 (8th Cir. 1987) (en banc), *cert. denied*, 487 U.S. 1210 (1988); *Ramdass v. Commonwealth*, 246 Va. 413 (1993); *State v. Ballard*, 428 S.E.2d 178, 180 (N.C. 1993); *Townes v. Commonwealth*, 234 Va. 307 (1987), *cert. denied*, 485 U.S. 971 (1988); *Gray v. Commonwealth*, 233 Va. 313, *cert. denied*, 484 U.S. 873 (1987). Courts have differed, however, in determining whether the defendant is entitled to proceed *ex parte* to make his threshold showing of necessity for expert assistance. *See State v. Moore*, 364 S.E.2d 648 (N.C. 1988); *Brooks v. State*, 385 S.E.2d 81, 84 (Ga. 1989); *McGregor v. State*, 733 P.2d 416 (Okla. Crim. 1987); *but see Ramdass v. Commonwealth*, 246 Va. 413 (1993) (*citing O'Dell v. Commonwealth*, 234 Va. 672, *cert. denied*, 488 U.S. 871 (1988)); *State v. Ballard*, 428 S.E.2d 178 (N.C. 1993); *State v. Phipps*, 418 S.E.2d 178 (N.C. 1992).

The Court recognizes the binding legal precedent set forth by the Supreme Court of Virginia in *Ramdass v. Commonwealth*, 246 Va. 413 (1993). In *Ramdass*, the defendant argued "that because he must make 'a threshold showing of the significance of the expert's testimony' to obtain such appointments, an *ex parte* hearing is required to avoid a disclosure of his potential defenses to the Commonwealth's Attorney." *Ramdass*, at 421. The Supreme Court of Virginia noted, in *Ramdass*, that most of the cases cited by that defendant dealt with the application of a federal statute creating a right to an *ex parte* hearing (specifically 18 U.S.C. § 3006A(e) (1993)) and held that there was no constitutional right to conduct the hearing *ex parte* and that no such right had been established by statute in Virginia, affirming the earlier decision in *O'Dell v. Commonwealth*, 234 Va. 672, *cert. denied*, 488 U.S. 871 (1988). *Ramdass*, at 422. Accordingly, this Court concludes that the controlling legal precedent clearly states that an indigent defendant does not have a constitutional or statutory right to proceed *ex parte* in seeking funds for the appointment of experts. Nor is the Court persuaded that the interests of justice permit or compel the Court to exercise discretion to hear such proceedings on an *ex parte* basis.

For the reasons set forth, the Court denies Defendant's motion.