PARIENTE, Judge.
The discovery order under review requires petitioners to disclose the identity of all experts without regard to whether or not the experts will be called as witnesses at trial. Florida Rule of Civil Procedure 1.280(b)(4)(B) protects against the disclosure of non-testifying expert witnesses unless the party seeking the discovery demonstrates exceptional circumstances as set forth in the rule. None of the litigants allege exceptional circumstances.
Respondents Sasso and Engle Homes concede that the identities of expert witnesses consulted by petitioner, but who will not be called at trial, should not be disclosed in accordance with our decision in Myron By and Through Brock v. Doctors General, Ltd., 573 So.2d 34 (Fla. 4th DCA 1990). See also Lift Sys. v. Costco Wholesale Corp., 636 So.2d 569 (Fla. 3d DCA 1994). Respondent Westmoreland suggests that this disclosure be permitted in order to facilitate early trial preparation. If a party unreasonably delays disclosing which experts it intends to call at trial in contravention of a trial court’s pretrial order, the trial court has ample authority to strike that party’s experts. However, where a party has legitimately not yet decided which retained experts will be called at trial, disclosure should be protected in accordance with rule 1.280(b)(4)(B). Accordingly we grant the petition for writ of certiorari and quash the order to the extent it permits disclosure of expert witnesses who will not be called at trial. Our decision is without prejudice to respondent obtaining disclosure of all non-expert witnesses who have inspected the residence.
STONE and FARMER, JJ., concur.