NORTHCUTT, Acting Chief Judge.
Timothy W. Muldrow seeks a writ of certiorari quashing an order which compels him to provide certain discovery to thé State. Muldrow’s petition stems from a civil commitment proceeding brought against him pursuant to the Jimmy Ryce Involuntary Civil Commitment for Sexually Violent Predators’ Treatment and Care Act.[1] It appears that the petition is now moot, but Muldrow and the State have both asked this court to rule nonetheless. Because we agree that the petition presents issues that are capable of repetition yet evading review, we write to address two of them.
Muldrow alleges that the circuit court erroneously ordered him to answer certain interrogatories propounded to him by the State which requested privileged information. Because we conclude that the information requested in interrogatory number nine is in fact protected by work product privilege, Muldrow may obtain relief by way of certiorari. See, e.g., Winn-Dixie Stores v. Freeland, 740 So.2d 1260 (Fla. 5th DCA 1999) (granting a petition for writ of certiorari and quashing the order of the trial court which compelled disclosure of privileged work product documents).
Interrogatory number nine, as modified by the circuit court’s written order, provides:
List the names and addresses of all persons who have examined, evaluated, or reviewed the records of the Respondent. Please include in your response any persons whatsoever that have reviewed Respondent’s records or those that have personally interviewed the Respondent relevant to this action regardless of whether said person will be eventually be [sic] called to testify.
Muldrow argues that insofar as the circuit court’s order compels him to divulge the names of experts consulted for trial but not intended to be called to testify at trial, it must be quashed. Specifically, he contends that the identity of such experts is protected by work product privilege and is not subject to disclosure absent a showing of exceptional circumstances which has not occurred in this case. See Fla. R. Civ. P 1.280(b)(4)(B); Myron v. Doctors Gen., Ltd., 573 So.2d 34 (Fla. 4th DCA 1990). In its response filed in this court, the State explicitly agrees with this legal proposition.
*161 The State argues, however, that the circuit court did not in fact compel the disclosure of nonwitness work product experts. According to the State, the written order is incorrect, and interrogatory number nine was actually orally amended so as to limit it to experts that Muldrow intended to call as witnesses. After reviewing the transcript of the hearing and the ruling on the motion to compel, we cannot agree.
The actual oral statement[2] at hearing provided that interrogatory number nine was to be limited to “[a]ll persons who had examined or reviewed records of the client for purposes of testifying in this case.” If this was the only indication of the trial court’s intended ruling, we would still disagree with the State’s interpretation. As phrased, the ruling compels discovery of experts who were consulted for purposes of testifying at trial but who Muldrow has decided not to call.
The remainder of the transcript confirms that we are correct in our interpretation. Shortly before making the above ruling, the circuit court stated, “what he’s seeking basically is if you’ve had people that have examined him or examined his records and you decided not to use them because their testimony wasn’t what you wanted, he’s entitled to that.” As the State now concedes, this is an incorrect statement of the law. If the petition was not moot, we would quash the order to the extent that it compelled disclosure of experts consulted for trial but not listed as witnesses.
Muldrow also challenges interrogatory number ten, requiring him to disclose any statements he made to any experts that he has listed as witnesses.[3] However, Mul-drow failed to sufficiently develop the record below in order for this court to determine whether any of these statements might be protected under work product or any other privilege. Therefore, we decline to further address this issue.
Denied as moot.
GREEN and SILBERMAN, JJ, concur.

. §§ 394.910-394.931, Fla. Stat. (2000).

. This statement was actually made by Mul-drow's trial counsel. The circuit court responded that it was a correct statement of his ruling.

. As written, the order would compel Mul-drow to disclose any communications he made to any persons listed in interrogatory number nine. Because we have narrowed interrogatory number nine, the scope of this interrogatory is similarly limited.