IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

U'DREKA ANDREWS,

      Petitioner,

v.

STATE OF FLORIDA,

      Respondent.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-733

Opinion filed May 2, 2017.

Petition for Writ of Certiorari – Original Jurisdiction.

Michael Ufferman, Michael Ufferman Law Firm, P.A., Tallahasee; Crystal Mcbee
Frusciante, Sunrise, for Petitioner.

Roseanne Eckert, FIU College of Law, Miami, for Amicus Curiae Florida Juvenile
Resentencing and Review Project; Whitney Untiedt, Akerman, LLP, Miami, for
Amicus Curiae Florida Association of Criminal Defense Lawyers, in support of
Petitioner.

Pamela Jo Bondi, Attorney General, Charmaine M. Millsaps, Senior Assistant
Attorney General, and Robert J. Morris, III, Assistant Attorney General, Tallahassee,
for Respondent.

LEWIS, J.

      Petitioner, U'Dreka Andrews, petitions this Court for certiorari review of the

trial court's order denying her "Motion for Leave to Submit Requests for Appointment of Experts and Costs *Ex Parte* and Under Seal and to Require the Justice Administrative Commission to File Any Responses to Such Motions Without Service to the State and Under Seal Where Such Responses Contain Substantive Information Pertaining to Ms. Andrews' Defense." We deny the petition because Petitioner failed to establish that the trial court departed from the essential requirements of the law. In light of the important policy issue, however, we certify a question of great public importance.

In her motion, Petitioner alleged that she was convicted of first-degree felony murder, burglary, and robbery based on offenses she committed at the age of seventeen and she was sentenced to life imprisonment without the possibility of parole for the murder. The Florida Supreme Court recently held that Petitioner is entitled to resentencing in conformance with Chapter 2014-220, Laws of Florida, the relevant provisions of which have been codified in sections 775.082, 921.1401, and 921.1402, Florida Statutes (2014). Petitioner has been found indigent and is represented by private counsel *pro bono* in the Miller[1] resentencing proceeding. In order to avoid revealing privileged information or work product to the State Attorney's Office, Petitioner requested permission to file all her motions for appointed experts and miscellaneous costs *ex parte* and under seal, with service to

---

[1] Miller v. Alabama, 132 S. Ct. 2455 (2012).

2

the Justice Administrative Commission ("JAC") and notice to the State Attorney's Office, and requested that the JAC be required to file all responses that may reveal substantive content relevant to her defense without service to the State and under seal. Petitioner also relied on the rights to effective assistance of counsel, due process, and equal protection, and she argued that she should not be prejudiced because she is represented by *pro bono* counsel and is indigent for costs and is entitled to the same due process and equal protection rights as similarly-situated defendants who are represented by private counsel or the Public Defender's Office and would not be required to divulge details to the prosecution regarding the hiring of experts. Following a hearing, the trial court entered an order denying Petitioner's motion. This petition for writ of certiorari followed.

To obtain a writ of certiorari, a petitioner must show that the challenged order constitutes a departure from the essential requirements of law, which results in material injury that cannot be remedied on appeal. Suarez v. Steward Enters., 164 So. 3d 132, 134 (Fla. 1st DCA 2015). "[C]ertiorari relief is an 'extremely rare' remedy that will be provided in 'very few cases.'" Bd. of Trs. of Internal Improvement Tr. Fund v. Am. Educ. Enters., LLC, 99 So. 3d 450, 455 (Fla. 2012) (quoting Martin-Johnson, Inc. v. Savage, 509 So. 2d 1097 (Fla. 1987)). A ruling departs from the essential requirements of the law when it constitutes a violation of a clearly established principle of law resulting in a miscarriage of justice. State, Dep't of Revenue ex rel. Carnley v. Lynch, 53 So. 3d 1154, 1156 (Fla. 1st DCA

2011).  Clearly established law may derive from controlling case law, rules of court, statutes, or constitutional law.  Allstate Ins. Co. v. Kaklamanos, 843 So. 2d 885, 890 (Fla. 2003).  "[C]ertiorari jurisdiction cannot be used to *create* new law where the decision below recognizes the correct general law and applies the correct law to a new set of facts to which it has not been previously applied."  Nader v. Fla. Dep't of Highway Safety & Motor Vehicles, 87 So. 3d 712, 723 (Fla. 2012).

Petitioner asserts that authority for the procedure she seeks is found in Florida Rule of Judicial Administration 2.420, which governs "public access to and protection of judicial branch records" and provides in part that "[t]he following records of the judicial branch shall be confidential:"

> [c] (9) Any court record determined to be confidential in case decision or court rule on the grounds that
> 　(A) confidentiality is required to
> 　　(i) prevent a serious and imminent threat to the fair, impartial, and orderly administration of justice;
>
> 　　　. . . .
>
> 　　(vii) comply with established public policy set forth in the Florida or United States Constitution or statutes or Florida rules or case law[.]

Petitioner argues that the denial of her petition will result in the violation of her rights to due process, fundamental fairness, equal protection, and effective assistance of counsel under the United States and Florida Constitutions, as well as the attorney-client privilege and the work-product doctrine.  Petitioner primarily relies on Ake v. Oklahoma, 470 U.S. 68 (1985), and State v. Hamilton, 448 So. 2d 1007 (Fla. 1984),

4

in support of her position. However, in <u>Ake</u>, the United States Supreme Court held:

> [W]hen a defendant demonstrates to the trial judge that his sanity at the time of the offense is to be a significant factor at trial, the State must, at a minimum, assure the defendant access to a competent psychiatrist who will conduct an appropriate examination and assist in evaluation, preparation, and presentation of the defense.

470 U.S. at 74, 83. The Court reasoned in part:

> [The State] must take steps to assure that the defendant has a fair opportunity to present his defense. This elementary principle, grounded in significant part on the Fourteenth Amendment's due process guarantee of fundamental fairness, derives from the belief that justice cannot be equal where, simply as a result of his poverty, a defendant is denied the opportunity to participate meaningfully in a judicial proceeding in which his liberty is at stake.

<u>Id.</u> at 76. The Court further held that because the State relied on the aggravating factor of future dangerousness at the appellant's capital sentencing, he was entitled to the assistance of a psychiatrist on that issue and the denial of that assistance deprived him of due process. <u>Id.</u> at 86-87.

In <u>Hamilton</u>, the Florida Supreme Court was faced with the following certified question:

> When an appointed counsel informs the court, as provided in Florida Rule of Criminal Procedure 3.216(a), that he has reason to believe his indigent client is incompetent to stand trial or was insane at the time of the offense, does the trial court have any discretion as to any matter of law or fact the determination of which would entitle the State to be given notice and an opportunity to be heard before the court appoints an expert to examine the accused and to assist his appointed counsel?

448 So. 2d at 1008. The Court answered the question in the negative upon "finding that any inquiry of defense counsel by the court as to the basis for counsel's request

for appointment of an expert would improperly invade the attorney-client confidential relationship." Id. The trial court denied the insolvent defendant's motion for appointment of a psychiatric expert pursuant to Florida Rule of Criminal Procedure 3.216(a) on the ground that defense counsel refused to communicate to both the court and the prosecutor the underlying basis for the motion. Id. The Florida Supreme Court explained that rule 3.216(a) clearly states that when a court-appointed counsel for an indigent defendant indicates a belief that the defendant may be incompetent to stand trial or may have been insane at the time of the offense, the threshold requirements are satisfied and the court has no discretion in appointing an expert, and the rule provides that once an expert is appointed, all matters related to the expert are confidential. Id. The Court further reasoned:

> The rule is designed to give an indigent defendant the same protection as afforded to a solvent defendant. Further, and as important, in many instances the basis for the request for such an expert is founded on communications between the appointed lawyer and his client. Any inquiry into those communications would clearly violate the basic attorney-client privilege. Any inquiry into counsel's basis to believe that his indigent client is incompetent to stand trial or was insane at the time of the offense also impermissibly subjects the indigent defendant to an adversary proceeding concerning issues which may be litigated in the trial of the cause. No solvent defendant would be subjected to this type of inquiry or proceeding.

Id. at 1008-09.

Unlike in Ake, Petitioner was not denied expert assistance, and Ake did not hold that an indigent defendant is entitled to obtain expert assistance *ex parte* as Petitioner seeks in our case. While Hamilton addressed whether a defendant is

6

entitled to an *ex parte* proceeding to obtain expert assistance, that case involved—and the supreme court's holding was based on—rule 3.216(a), which is inapplicable to our case. Cf. Fla. R. Crim. P. 3.220(m) (governing in camera and *ex parte* proceedings); § 27.5304(3), Fla. Stat. (2016) (stating that the "[t]he court retains primary authority and responsibility for determining the reasonableness of all billings for attorney fees, costs, and related expenses, subject to statutory limitations"). In fact, Petitioner cites no Florida case law, Florida statute, or Florida rule of court that requires motions for appointment of experts and costs to be conducted on an *ex parte* basis under the facts of this case and our independent research disclosed none. As such, while we find Petitioner's argument persuasive, we are constrained to deny her petition in light of our limited standard of review because the trial court's order does not violate a clearly established principle of law. See Ivey v. Allstate Ins. Co., 774 So. 2d 679, 682 (Fla. 2000) (stating that without controlling precedent, the Court could not conclude that the courts violated a clearly established principle of law and at worst misapplied the correct law); State, Dep't of Highway Safety & Motor Vehicles v. Edenfield, 58 So. 3d 904, 907 (Fla. 1st DCA 2011) (denying the certiorari petition upon concluding that "[w]hile the circuit court has misread our decision in *Lee* to require the live appearance of a witness in an administrative proceeding regarding a license suspension when a party requests the live appearance, this misreading does not constitute a violation of a clearly established principle of law. Indeed, there is no clear controlling precedent

7

for the issue raised here"); <u>Wolf Creek Land Dev., Inc. v. Masterpiece Homes, Inc.</u>, 942 So. 2d 995, 997 (Fla. 5th DCA 2006) ("The statutory issue raised by Wolf Creek in the present case is certainly debatable, but there appears to be no case law on the matter that has been pointed out by either side or that has been disclosed by our own independent research. As the order is not the subject of a *clearly established* principle of law, certiorari is not available to review it.").

We, therefore, certify the following question as one of great public importance:

> WHETHER AN INDIGENT DEFENDANT WHO IS REPRESENTED BY PRIVATE COUNSEL *PRO BONO* IS ENTITLED TO FILE MOTIONS PERTAINING TO THE APPOINTMENT AND COSTS OF EXPERTS, MITIGATION SPECIALISTS, AND INVESTIGATORS *EX PARTE* AND UNDER SEAL, WITH SERVICE TO THE JUSTICE ADMINISTRATIVE COMMISSION AND NOTICE TO THE STATE ATTORNEY'S OFFICE, AND TO HAVE ANY HEARING ON SUCH MOTIONS *EX PARTE*, WITH ONLY THE DEFENDANT AND THE COMMISSION PRESENT.

DENIED. QUESTION CERTIFIED AS ONE OF GREAT PUBLIC

IMPORTANCE.

WETHERELL, J., CONCURS; WOLF, J., CONCURS IN PART AND DISSENTS IN PART WITH OPINION.

WOLF, J., concurring in part and dissenting in part.

I concur in the majority's certification of the question of great public importance. I dissent, however, from that portion of the opinion that determined the trial court's order denying the ex parte proceeding did not constitute a departure from the essential requirements of law. An indigent defendant who is represented by private counsel pro bono is entitled to an ex parte proceeding concerning the entitlement to hire expert witnesses and investigators.

To obtain certiorari relief, a petitioner must demonstrate "'(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal.'" Citizens Prop. Ins. Corp. v. San Perdido Ass'n, Inc., 104 So. 3d 344, 351 (Fla. 2012) (quoting Williams v. Oken, 62 So. 3d 1129, 1132-33 (Fla. 2011)).

> In other words, before certiorari can be used to review non-final orders, the appellate court must focus on the threshold jurisdictional question: whether there is a material injury that cannot be corrected on appeal, otherwise termed as irreparable harm. Assuming this requirement is met, the court must then determine whether the decision below departed from the essential requirements of law . . . .

Id. at 351 (internal citations omitted) (emphasis added).

Thus, an appellate court does not reach the departure element until irreparable harm is demonstrated. Here, I believe petitioner has demonstrated the threshold requirement of irreparable harm. While the majority opinion does not specifically mention irreparable harm, it has in fact decided this issue by reaching the merits of

9

the claim. This reading is consistent with the fact that irreparable harm is not seriously in dispute in this case. The improper disclosure of defense strategies and potential expert witnesses by allowing the State to attend the hearing requesting authorization to hire these witnesses is classic "cat out of the bag" material. Revealing such material has always been determined to meet the test of irreparable harm. See Lender Processing Servs., Inc. v. Arch Ins. Co., 183 So. 3d 1052, 1058 (Fla. 1st DCA 2015).

I would also find that a departure from the essential requirements of law has been demonstrated. The majority enumerates the correct principle of law for establishing a departure from the essential requirements of law and I will repeat it here: a ruling departs from the essential requirements of law when it constitutes a violation of a clearly established principle of law resulting in a miscarriage of justice. State Dep't of Revenue ex rel, Carnley v. Lynch, 53 So. 3d 1154, 1156 (Fla. 1st DCA 2011).

I also do not dispute the general principle that normally to demonstrate a clearly established principle of law, the petitioner must demonstrate existing precedent on the issue. However, unlike the majority, I stress that as stated by the Florida Supreme Court, clearly established principles of law derive not only from controlling case law but also from constitutional law. Allstate Ins. Co. v. Kaklamanos, 843 So. 3d 885, 890 (Fla. 2003). None of the cases cited by the majority denying certiorari relief involve a departure from a clearly established and

10

essential <u>constitutional principle</u>. This case involves a departure from such a principle, which is that equal protection mandates that we do not treat two equally situated criminal defendants differently, especially when there is no rational basis for doing so.

In the instant case, petitioner demonstrated that:

(1) Non-indigent and, more importantly, other indigent defendants represented by public defenders can obtain expert witnesses and investigative support without revealing their thought processes in front of the prosecuting authority;

(2) These types of witnesses and investigations are essential, if not critical, in representing a defendant on resentencing pursuant to section 942.1401(2), Florida Statutes (2016); and

(3) There is no rational basis for the state attorney to be present at these hearings. The State acknowledged that its only interest in being present at these hearings was financial. These financial interests are more properly represented by the Judicial Administration Commission at an ex parte hearing. <u>See, e.g.</u>, <u>State v. Nolasco</u>, 803 So. 2d 757 (Fla. 3d DCA 2001). In fact, the state attorney did not oppose defense counsel's request for an ex parte hearing in this case.

Thus, petitioner has demonstrated a departure from the essential requirements of the equal protection clauses of the United States and Florida Constitutions entitling her to certiorari relief.

I would also find that petitioner's request is supported by the reasoning, if not the holdings, of <u>Ake v. Oklahoma</u>, 470 U.S. 68 (1985), and <u>State v. Hamilton</u>, 448 So. 2d 1007 (Fla. 1984), as well as the explicit holdings in <u>United States v. Abreu</u>, 202 F.3d 386, 387-91 (1st Cir. 2000), and <u>Ex parte Moody</u>, 684 So. 2d 114, 120-21

11

(Ala. 1996). Thus, I would grant the petition for writ of certiorari.