# Supreme Court of Florida

_____

No. SC17-1034
_____

**U'DREKA ANDREWS,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[May 17, 2018]

POLSTON, J.

In this review of the First District Court of Appeal's decision in *Andrews v. State*, 218 So. 3d 466 (Fla. 1st DCA 2017), we consider whether indigent defendants represented by pro bono counsel should be treated the same as defendants represented by private counsel or public defenders, both of whom do not have to reveal details about their hiring of experts to the prosecution. Specifically, the First District certified the following question:

> WHETHER AN INDIGENT DEFENDANT WHO IS
> REPRESENTED BY PRIVATE COUNSEL *PRO BONO* IS
> ENTITLED TO FILE MOTIONS PERTAINING TO THE
> APPOINTMENT AND COSTS OF EXPERTS, MITIGATION
> SPECIALISTS, AND INVESTIGATORS *EX PARTE* AND UNDER
> SEAL, WITH SERVICE TO THE JUSTICE ADMINISTRATIVE

COMMISSION AND NOTICE TO THE STATE ATTORNEY'S OFFICE, AND TO HAVE ANY HEARING ON SUCH MOTIONS *EX PARTE*, WITH ONLY THE DEFENDANT AND THE COMMISSION PRESENT.

218 So. 3d at 470.[1] We answer the certified question in the affirmative and, therefore, quash the First District's decision and remand Andrews' case for resentencing.

## BACKGROUND

U'dreka Kynshere Andrews was convicted of first-degree murder, burglary, and robbery and was sentenced to life without the possibility of parole for the first-degree murder conviction. Andrews was 17 years old at the time she committed the offenses. Subsequently, the United States Supreme Court held in *Miller v. Alabama*, 567 U.S. 460, 479 (2012), "that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." After *Miller*, this Court remanded Andrews' case for resentencing. *Andrews v. State*, 177 So. 3d 1262 (Fla. 2015).

Prior to the resentencing hearing, Andrews' pro bono counsel filed a motion for an ex parte hearing regarding the appointment of experts for the *Miller* juvenile resentencing hearing. Defense counsel argued that he was requesting public funds for experts and that he sought an ex parte determination because he did not "think

_____

1. We have jurisdiction. *See* art. V, § 3(b)(4), Fla. Const.

the State should be involved in the process of the defense having experts." The trial court denied the motion for an ex parte hearing without explanation.

Andrews' counsel filed a petition for writ of certiorari in the First District, asserting that the hearing regarding experts should be ex parte because the discussion of experts might reveal the defense's trial strategy to the State. The First District denied the petition but also certified the above question. *Andrews*, 218 So. 3d at 470.

## ANALYSIS

Andrews argues that "comparable defendants represented by private counsel would not be required to divulge details to the prosecution regarding the hiring of experts, nor would similarly-situated defendants who are represented by the Office of the Public Defender or the Office of Criminal Conflict and Civil Regional Counsel." We agree with Andrews.[2]

To be entitled to public funds for the appointment of an expert, the Eleventh Circuit in *Moore v. Kemp*, 809 F.2d 702, 712 (11th Cir. 1987) (footnote omitted), ruled that an indigent "defendant must show the trial court that there exists a reasonable probability both that an expert would be of assistance to the defense and that denial of expert assistance would result in a fundamentally unfair trial." And

---

2. Because the certified question is solely a legal issue, our review is de novo. *See Haygood v. State*, 109 So. 3d 735, 739 (Fla. 2013).

in *San Martin v. State*, 705 So. 2d 1337, 1347 (Fla. 1997), this Court explained that, when evaluating whether a trial court abuses its discretion in refusing public funds, "courts have applied a two-part test:  (1) whether the defendant made a particularized showing of need; and (2) whether the defendant was prejudiced by the court's denial of the motion requesting the expert assistance."

In making a showing of particularized need, a defendant may be required to expose privileged information or attorney work product, depending on the type of expert assistance requested.  Requiring a defendant to reveal to the prosecutor the name of an expert witness whom the defendant may wish to consider calling, along with the reasons why this witness may be of value to the defense, is "contrary to the work-product doctrine because it would serve to highlight the thought processes and legal analysis of the attorneys involved."  *State v. Williams*, 678 So. 2d 1356, 1358 (Fla. 3d DCA 1996); *see also State v. Rabin*, 495 So. 2d 257, 262 (Fla. 3d DCA 1986) (explaining that opinion work product, which includes the attorney's theories concerning the case, "is absolutely, or nearly absolutely, privileged").  Even if the defendant is only required to disclose the expert's name and area of expertise, that is information that the State would otherwise not be entitled to know at that stage.  In fact, the State's presence at the hearing puts the defendant in the difficult situation of having to choose between fully supporting the motion for the appointment of an expert and not revealing information to the

State that it would not otherwise be privy to.  And as Judge Wolf explained, "[n]on-indigent and, more importantly, other indigent defendants represented by public defenders can obtain expert witnesses and investigative support without revealing their thought processes in front of the prosecuting authority." *Andrews*, 218 So. 3d at 472 (Wolf, J., concurring in part and dissenting in part).

Additionally, depending on the reason for the expert requested, it is possible that a defendant may be forced to disclose self-incriminating information, in violation of the defendant's Fifth Amendment rights.  *See Ex parte Moody*, 684 So. 2d 114, 120 (Ala. 1996) ("Requiring an indigent defendant to prematurely disclose evidence in a hearing where the state is present encroaches on the privilege against self-incrimination, which applies at all stages of a criminal proceeding.").  This privilege against self-incrimination is not limited to "evidence which may lead to criminal conviction, but includes information which would furnish a link in the chain of evidence that could lead to prosecution, as well as evidence which an individual reasonably believes could be used against him in a criminal prosecution." *Maness v. Meyers*, 419 U.S. 449, 461 (1975).

Accordingly, ex parte hearings are necessary in this context to protect indigent defendants' rights.  Federal law and other states also require ex parte hearings in this context.  *See, e.g.*, 18 U.S.C. § 3006A(e)(1); *United States v. Abreu*, 202 F.3d 386, 391 (1st Cir. 2000); *Ex parte Moody*, 684 So. 2d at 120;

*Brooks v. State*, 385 S.E.2d 81, 84 (Ga. 1989); *McGregor v. State,* 733 P.2d 416, 416 (Okla. Crim. App. 1987); *Williams v. State*, 958 S.W.2d 186, 192-94 (Tex. Crim. App. 1997).

## CONCLUSION

For the foregoing reasons, we hold that indigent defendants represented by private counsel pro bono are entitled to file motions pertaining to the appointment and costs of experts, mitigation specialists, and investigators ex parte and under seal, with service to the Justice Administrative Commission and notice to the State Attorney's Office, and to have any hearing on such motion ex parte, with only the defendant and the Commission present. Accordingly, we answer the certified question in the affirmative, quash the First District's decision below, and remand Andrews' case for resentencing in accordance with this decision.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, and LAWSON, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal – Certified Great Public Importance

First District - Case Nos. 1D16-733

(Leon County)

Michael Ufferman of Michael Ufferman Law Firm, P.A., Tallahassee, Florida; and Crystal McBee Frusciante of Frusciante Law Firm, P.A., Sunrise, Florida,

 for Petitioner

Pamela Jo Bondi, Attorney General, and Charmaine M. Millsaps, Senior Assistant Attorney General, Tallahassee, Florida,

 for Respondent

Sonya Rudenstine, Gainesville, Florida, and Whitney Untiedt of Akerman, LLP, Miami, Florida; and Roseanne Eckert of FIU College of Law, Miami, Florida,

  Amici Curiae Florida Association of Criminal Defense Lawyers and the Florida Juvenile Resentencing and Review Project