DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NIKOLAS CRUZ,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D19-1321

[August 14, 2019]

Petition for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Elizabeth Anne Scherer, Judge; L.T. Case No. 18-001958CF10A.

Howard Finkelstein, Public Defender, and Diane M. Cuddihy, Chief Assistant Public Defender, Fort Lauderdale, for petitioner.

Ashley Moody, Attorney General, Tallahassee, and Marc B. Hernandez, West Palm Beach, for respondent.

Dana J. McElroy, James J. McGuire, and Daniela B. Abratt of Thomas & LoCicero PL, Fort Lauderdale, for Sun-Sentinel Company, Intervenor.

WARNER, J.

Nikolas Cruz petitions for certiorari review of the trial court's order denying his motion to prevent disclosure of the names of experts who may visit him in jail. We deny the petition because petitioner has not shown that the trial court's order departs from the essential requirements of law. More specifically, he failed to overcome that the jail's visitor logs are public records with no statutory exemption for the experts' names within those logs.

Petitioner is in jail in the custody of the Broward County Sheriff, having been charged with seventeen counts of first-degree murder and seventeen counts of attempted first-degree murder. He moved for a protective order to prevent disclosure of that portion of the jail visitation logs which would reveal the names of mental health experts who may visit him, retained in connection with his defense. Petitioner acknowledged that the visitation

logs were public records but offered three reasons to support his position that the actual *names* of visitors on them were not required to be part of that record or that they were protected from disclosure.

First, he argued that the experts' names contained in the log should not be considered a public record because they do not fit within the purpose of the Public Records Act, which is "to open public records to allow Florida's citizens to discover the actions of their government." *Bent v. State*, 46 So. 3d 1047, 1049 (Fla. 4th DCA 2010) (quoting *Christy v. Palm Beach Cnty. Sheriff's Office*, 698 So. 2d 1365, 1366 (Fla. 4th DCA 1997)).

Second, petitioner argued that disclosing the experts' names was a matter of attorney client privilege and work product, and therefore he was not required reveal them until he designated them as witnesses for trial. *See* Fla. R. Crim. P. 3.220.

Third, petitioner claimed that disclosing the names would damage his right to a fair trial.

The State and Intervenor Sun-Sentinel argued in response that the logs were public records and there was no statutory exemption under section 119.011, Florida Statutes (2018), to shield the *names* of an inmate's visitors. The newspaper also argued that petitioner failed to satisfy the three-part test of *Miami Herald Publishing Co. v. Lewis*, 426 So. 2d 1 (Fla. 1982), for a trial court to restrict access to records in order to insure a defendant a fair trial.[1]

The trial court agreed, and addressed petitioner's claim that disclosure of the logs would damage his right to a fair trial as follows:

> The defense may have a myriad of experts from different specialty backgrounds visit Defendant at jail during the course of its pretrial investigation and preparation, some of whom the defense may likely use as witnesses at trial and some whom it may likely not. However, the actual communications that occur between these experts and Defendant within the jail are not subject to release as public records[.] It is merely the identities of these visitors that would

---

[1] *Lewis* concerned closing a suppression hearing to the public. The movant had to show that closure was necessary to prevent serious/imminent threat to the administration of justice; no less restrictive measure existed aside from closure; and closure would be effective to protect against the perceived harm. *Lewis*, 426 So. 2d at 3.

be subject to public disclosure, and mere potential speculation about these visitors will not compromise Defendant's right to a fair trial.

The trial court distinguished this case from those protecting work product which did not involve public records. *Andrews v. State*, 243 So. 3d 899 (Fla. 2018); *Muldrow v. State*, 787 So. 2d 159 (Fla. 2d DCA 2001).

Petitioner raises the same points within this certiorari petition. To obtain certiorari relief, a petitioner must show a departure from the essential requirements of law, causing material injury which cannot be adequately remedied on appeal from a final order. *See Williams v. Oken*, 62 So. 3d 1129, 1132–33 (Fla. 2011). A finding of irreparable injury is a threshold jurisdictional requirement for certiorari. *Citizens Prop. Ins. Corp. v. San Perdido Ass'n, Inc.*, 104 So. 3d 344 (Fla. 2012).

### *Irreparable harm*

We are guided on both prongs by *Andrews v. State*, 218 So. 3d 466 (Fla. 1st DCA 2017), *quashed by Andrews v. State*, 243 So. 3d 899 (Fla. 2018). *Andrews* involved an indigent defendant's motion for leave to submit requests for appointment of experts and costs, ex-parte and under seal, and to likewise conduct any hearing on the motion without the state's presence. Andrews argued that discussing experts might reveal the defense's trial strategy to the state, something that would not be required of defendants represented by private counsel who were not reliant on state funds.

The trial court denied Andrews' motion. The First District found no departure from the essential requirements of law, denied the petition and certified the question to the Florida Supreme Court. 218 So. 3d at 469-470. However, it implicitly found that the irreparable harm threshold was met.

As noted by Judge Wolf in his partial concurrence, while the majority opinion did not specifically mention irreparable harm, that component was not "seriously in dispute" in this case. *Id.* at 471. He added that "[t]he improper disclosure of defense strategies and potential expert witnesses by allowing the State to attend the hearing requesting authorization to hire these witnesses is classic 'cat out of the bag' material." *Id.* We note that the Florida Supreme Court also implicitly found irreparable injury when it granted discretionary review of the district court's opinion, based upon a certified question.

3

Here, petitioner contends that revealing the names of experts who may consult or interview him while he is in jail would allow anyone to find information regarding the expert on the internet. Then, understanding the expert's area of expertise would provide a window into the attorney's defense strategy, thus invading attorney-client privilege and work product, and preventing him from receiving a fair trial.

Although the trial court found that petitioner had not shown how disclosing the logs with the names would prevent a fair trial, we conclude that based upon *Andrews*, petitioner has satisfied the jurisdictional threshold of a showing of irreparable harm.

### ***Departure from the Essential Requirements of Law***

Turning to the merits, "[a] district court should exercise its discretion to grant certiorari review *only* when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice." *Allstate Ins. Co. v. Kaklamanos*, 843 So. 2d 885, 889 (Fla. 2003) (quoting *Ivey v. Allstate Ins. Co.*, 774 So. 3d 679, 682 (Fla. 2000)). Clearly established principles of law "can derive from a variety of legal sources, including recent controlling case law, rules of court, statutes, and constitutional law." 843 So. 2d at 890. We conclude that petitioner has not shown such a departure from clearly established law in the trial court's denial of his motion for protective order.

Article I, section 24 of the Florida Constitution gives every person "the right to inspect or copy any public record made or received in connection with the official business of any public body, officer . . ., except with respect to records exempted pursuant to this section or specifically made confidential by this Constitution."

Section 119.011(12), Florida Statutes (2018) defines a public record to include "all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings, data processing software, or other material, regardless of the physical form, characteristics, or means of transmission, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency." The Constitution allows for the legislature, not the courts, to provide for exemptions to the public records act. *See Wait v. Fla. Power & Light Co.*, 372 So. 2d 420, 424 (Fla. 1979).

All parties agree that generally, jail visitation logs are public records within the meaning of the constitution and statutes. Further, all agree

4

that there is no statutory exemption which would allow redaction of those records to shield the names of jail visitors from public records disclosure.

Petitioner contends, however, that protection of the names of the individuals contained in the log does not fall within the purpose of the public records act, which is to allow citizens to discover the actions of their government. *See Bent*, 46 So. 3d at 1049. Therefore, he argues that the names should not be considered a public record.

In *Bent*, a newspaper made a public records request to obtain recordings of phone calls made by juvenile criminal defendants held in jail. The trial court granted the request, but we granted certiorari review and quashed that order. We held that audio records of phone calls made from jail by juvenile defendants to their parents and third parties while awaiting trial were not public records subject to release to a newspaper pursuant to its public records request. *Id.* at 1049-50. We reasoned that while the *monitoring* of inmate calls for security purposes related to the jail's official business, maintaining the records of the personal calls was not. *Id.* In other words, these were not records generated by the Broward Sheriff's office to formalize its action, such as mail logs or logs of phone numbers called. *Id.* at 1050.

We view jail visitation logs as similar to the mail logs or phone logs which *Bent* agreed would show the functioning of the public agency. Identifying the persons who are allowed into a secure facility would show how the sheriff's office operates and how well they monitor their jail population. Thus, *Bent* does not support petitioner's claim that the names on the log do not qualify as public records.

Petitioner points to *Andrews* as holding that disclosure of his expert's names would violate his constitutional right to a fair trial and reveal attorney-client privileged communications and work product. In *Andrews*, where the defendant sought public funds to hire experts, she had to demonstrate to the Justice Administration Commission (JAC) her need for those experts. *Andrews*, 243 So. 3d at 901. Her attorney argued that comparable defendants represented by private counsel would not be required to divulge details to the prosecution regarding the hiring of experts, nor would similarly situated defendants represented by the public defender or conflict counsel. *Id.*

The Florida Supreme Court agreed that: "[i]n making a showing of particularized need, a defendant may be required to expose privileged information or attorney work product, depending on the type of expert assistance requested." *Id.* It also agreed that such would highlight the

thought processes and legal analysis of the attorneys involved. *Id.* at 901-02. The Florida Supreme Court explained:

> Requiring a defendant to reveal to the prosecutor the name of an expert witness whom the defendant may wish to consider calling, along with the reasons why this witness may be of value to the defense, is "contrary to the work-product doctrine because it would serve to highlight the thought processes and legal analysis of the attorneys involved." *State v. Williams*, 678 So. 2d 1356, 1358 (Fla. 3d DCA 1996); *see also State v. Rabin*, 495 So. 2d 257, 262 (Fla. 3d DCA 1986) (explaining that opinion work product, which includes the attorney's theories concerning the case, "is absolutely, or nearly absolutely, privileged"). *Even if the defendant is only required to disclose the expert's name and area of expertise, that is information that the State would otherwise not be entitled to know at that stage.* In fact, the State's presence at the hearing puts the defendant in the difficult situation of having to choose between fully supporting the motion for the appointment of an expert and not revealing information to the State that it would not otherwise be privy to.

*Id.* at 901-02 (emphasis supplied). Petitioner seizes on the italicized language to support his claim that the disclosure of the expert's name in the jail log violates his attorney-client or work product privilege.

We disagree that *Andrews* controls this case. First, *Andrews* involved a potential violation of attorney-client privilege and work product, not a public records request, which is controlled by statute. Indeed, the Florida Supreme Court has held that "the legislature intended to exempt those public records made confidential by statutory law and not those documents which are confidential or privileged only as a result of the judicially created privileges of attorney-client and work product." *Wait*, 372 So. 2d at 424.

Second, the italicized language is actually dicta. The supreme court held that the motions outlining the *reasons* for hiring the expert and hearings on those motions before the JAC must be ex parte, excluding the State. It did not hold that the mere revelation of the name of an expert could constitute a denial of a right to a fair trial. Likewise, *Muldrow,* also relied on by petitioner, did not involve a public records issue and is thus distinguishable. *Muldrow v. State*, 787 So. 2d 159 (Fla. 2d DCA 2001) (granting certiorari petition from order in civil commitment proceedings requiring a defendant to disclose names of any persons who had examined,

evaluated, or reviewed defendant's records; order improperly compelled defendant to divulge work product).

In sum, we conclude that petitioner failed to demonstrate that the trial court departed from the essential requirements of law in denying his motion for protective order. The constitution and the Public Records Act do not authorize redacting the names of the experts visiting petitioner in jail. If public policy demands that these be kept confidential, it is for the Legislature to provide an exemption by statute. The petition is denied.

*Petition denied.*

GROSS and MAY, JJ., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**